# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## BIG STONE GAP DIVISION

| | |
|---|---|
| **ROSANNE YATES,** ) | |
| ) | |
| Plaintiff, ) | Case No. 2:09CV00007 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| **MICHAEL J. ASTRUE,** ) | By: James P. Jones |
| **COMMISSIONER OF** ) | Chief United States District Judge |
| **SOCIAL SECURITY,** ) | |
| ) | |
| Defendant. ) | |

*Joseph E. Wolfe, Wolfe, Williams, Rutherford & Reynolds, Norton, Virginia, for Plaintiff; Victor J. Payne, Special Assistant United States Attorney, Office of the General Counsel, Social Security Administration, Philadelphia, Pennsylvania, for Defendant.*

In this social security case, I affirm the final decision of the Commissioner.

I

Plaintiff Rosanne Yates filed this action challenging the final decision of the Commissioner of Social Security ("Commissioner") denying her claims for disability insurance benefits and supplemental security income pursuant the Social Security Act ("Act"), 42 U.S.C.A. §§ 401-433, 1381-1383d (West 2003 & Supp. 2009). Jurisdiction of this court exists pursuant to 42 U.S.C.A.§ 405(g) and 1383(c)(3).

Yates filed for benefits in 2006, and alleged she became disabled June 15, 2005, due to headaches, back pain, and nerves. Her claim was denied initially and upon reconsideration. At her request, Yates received a hearing before an administrative law judge ("ALJ"), during which Yates, represented by counsel, and a vocational expert testified. The ALJ denied Yates' claim and the Social Security Administration Appeals Council ("Appeals Council") denied Yates' Request for Reconsideration. Yates filed her Complaint with this court, objecting to the Commissioner's final decision.

The parties have filed cross motions for summary judgment and have briefed the issues. The case is ripe for decision.

II

Yates was thirty-six years old when she filed for benefits, a person of younger age under the regulations. *See* 20 C.F.R. § 404.1563(c) (2009). Yates completed the ninth grade and has worked in the past as a waitress, care giver, and housecleaner. Yates has not worked since June 2005 when she quit her job as a housecleaner. Yates claims disability based on back problems, depression, and anxiety.

A 2007 physician's examination and X ray reports indicated that Yates was not suffering from tangible physical or mental maladies. Two non-examining state

agency physicians reviewed Yates' file and found Yates had the physical ability to perform medium work without exposure to hazards.

After two non-examining state agency psychologists concluded Yates did not suffer from a medically determinable mental impairment, Yates' attorney referred her to a licensed psychologist who administered the Minnesota Multiphasic Personality Inventory test ("MMPI-2"). The test results were invalid under two of four validity factors because Yates had over-reported her symptoms. Because of this, the psychologist stated that Yates' MMPI-2 results should be "interpreted with caution." (R. at 193.) The psychologist concluded Yates exhibited severe symptoms of anxiety and depression and that Yates was incapable "of obtaining and sustaining meaningful gainful employment." (R. at 196.) The psychologist stated that Yates' thought process was linear and goal-directed, she exhibited no bizarre thought content, and was fully oriented.

The ALJ found that Yates had severe impairments, but that Yates' statements regarding the intensity, persistence, and limiting effects of her symptoms were not credible. The ALJ found that Yates' alleged mental impairment did not meet or equal the criteria of 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.04 (2009). In addition, Yates' back problems did not meet the criteria for a disability caused by a major problem of a joint or spinal disorders under 20 C.F.R. pt. 404, subpt. P, app. 1, §§ 1.02, 1.04

(2009). The ALJ found Yates could not return to her past work as a caregiver or waitress, but she could return to her job as a housecleaner and she had the capacity to perform light work with certain restrictions. The ALJ concluded that Yates was not disabled.

A month after the ALJ issued the opinion, a nurse practitioner referred Yates to a psychiatrist at the University of Virginia Health System for an evaluation. The doctor examined Yates and opined that she was suffering from "her second major depression with a full recovery in between" and that Yates had "mild perceptual distortions, but no frank psychosis." (R. at 230.) The psychiatrist found Yates was "linear, logical, and goal directed" and there was no evidence of "a thought disorder or psychosis. . . ." (*Id.*) The physician prescribed anti-depressants for Yates and referred her to a family nurse practitioner in southwest Virginia. The nurse practitioner evaluated Yates and concluded that Yates suffered from severe major depression. The nurse practitioner opined that Yates had a poor ability to deal with work stresses and to carry out complex work instructions. The nurse practitioner found that Yates had a fair ability to follow work rules, function independently, maintain attention, and carry out simple job instructions.

When the Appeals Council declined to review Yates' case, the evidence before it included the ALJ's decision and the medical evaluations completed after the ALJ issued her opinion.

III

The plaintiff bears the burden of proving that she is under a disability. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). The standard for disability is strict. The plaintiff must show that her "physical or mental impairment or impairments are of such severity that [s]he is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C.A. § 423(d)(2)(A).

In assessing claims, the Commissioner applies a five-step sequential evaluation process. The Commissioner considers whether the claimant: (1) has worked during the alleged period of disability; (2) has a severe impairment; (3) has a condition that meets or equals the severity of a listed impairment; (4) could return to her past relevant work; and (5) if not, whether she could perform other work present in the national economy. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4) (2009). If it is determined at any point in the five-step analysis that the claimant is not disabled, the

inquiry immediately ceases. *Id.*; *McLain v. Schweiker*, 715 F.2d 866, 868-69 (4th Cir. 1983). The fourth and fifth steps of the inquiry require an assessment of the claimant's residual functional capacity, which is then compared with the physical and mental demands of the claimant's past relevant work and of other work present in the national economy. *McLain*, 715 F.2d at 869.

My review is limited to a determination of whether there is substantial evidence to support the Commissioner's final decision and whether the correct legal standard was applied. 42 U.S.C.A. § 405(g); *see Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). In accordance with the Act, I must uphold the Commissioner's findings if substantial evidence supports them and the findings were reached through application of the correct legal standard. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). This standard "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is the role of the ALJ to resolve evidentiary conflicts, including inconsistencies in the evidence. It is not the role of this court to substitute its judgment for that of the Commissioner. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).

The ALJ found that Yates had not worked during the period of alleged disability and that she had severe impairments, but that these conditions did not meet the severity of a listed impairment in 20 C.F.R. pt. 404, subpt. P, app. 1 (2009). The ALJ found that Yates could not perform her past job as a caregiver and waitress, but she could work in her past job as a housecleaner or in other unskilled jobs such as a mail clerk. Ultimately, the ALJ concluded Yates was not disabled.

Yates contends the ALJ erred by rejecting the opinion of Theresa Jarrell, M.A., a licensed psychologist, who examined Yates. I disagree. The record contains ample evidence supporting the ALJ's decision. Jarrell's opinion was based upon one consultation with Yates. The results from Yates' MMRI-2 test, which comprised a significant portion of Jarrell's evaluation, were invalid because Yates had over-reported symptoms. Jarrell's report also contained inconsistencies in her descriptions of Yates' mental state, mental abilities, and depression. Further, Jarrell's evaluation of Yates differed significantly from a doctor's recent examination of Yates, which found that Yates had a good mental state and she did not suffer from tangible physical maladies. Because Jarrell was not a treating source, the ALJ was not required to give Jarrell's opinion controlling weight. See 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2) (2009). Thus, the ALJ did not err by rejecting Jarrell's conclusions.

Yates argues that the ALJ erred by substituting her own medical opinion for that of a medical expert. The ALJ's decision clearly indicates that she considered the opinions offered by an examining doctor, two state-agency physicians who reviewed the file, a licensed psychologist, two-state agency psychologists who reviewed the file, and a nurse practitioner who examined Yates. The ALJ rejected the opinion of a single psychologist. This does not constitute substituting her opinion for that of experts. The ALJ had no duty to order an additional psychological exam because the record contained adequate evidence upon which the ALJ could make a decision. *See* 20 C.F.R. §§ 404.1517, 416.917 (2009). When the ALJ determined Yates' residual functional capacity and concluded that Yates was not disabled, she did so based upon a significant amount of evidence, not her own medical opinion.

The summary judgment motion submitted by Yates' counsel discusses medical examinations received by Yates after the ALJ issued her decision. The defendant argues I should reject this evidence because it is not new or material. I will consider the evidence because the Appeals Council weighed it in reaching a decision not to grant review, thus I should also consider this evidence in determining whether substantial evidence supports the ALJ's findings. *Wilkins v. Sec'y, Dep't of Health & Human Servs.*, 953 F.2d 93, 96 (4th Cir. 1991).

The medical examinations show that during 2008, Yates suffered from severe depression. Because of this depression, one medical expert opined that Yates' had a limited ability to perform work-related activities. Yet, neither examination states that Yates was unable to work. In fact, the psychiatrist who evaluated Yates did not offer an opinion as to Yates' ability to work and concluded that Yates had a linear, logical, and goal directed thought pattern and did not suffer from a "thought disorder or psychosis." (R. at 230.) The additional evidence would not change the ALJ's finding because it does not show that Yates' depression resulted in a marked restriction of her daily life, difficulties in maintaining social functioning, or repeated extended episodes of decompensation as required by § 12.04(B). Thus, the additional evidence does not effect the ALJ's conclusion that Yates is not disabled because she does not meet the requirements of § 12.04.

IV

For the foregoing reasons, the plaintiff's Motion for Summary Judgment will be denied, and the defendant's Motion for Summary Judgment will be granted. A final judgment will be entered affirming the Commissioner's final decision denying benefits.

DATED: January 11, 2010

 /S/ JAMES P. JONES
Chief United States District Judge